## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE</u>

This Confidential Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into between MARTIN E. SARMIENTO SUAREZ ("SARMIENTO"), on the one hand, and ROCK & DIRT CONSTRUCTION EQUIPMENT RENTAL, LLC ("ROCK & DIRT") and RICARDO LOPEZ ("LOPEZ") on the other hand.  ROCK & DIRT and LOPEZ will be referred to collectively herein as "DEFENDANTS".

WHEREAS,

A.     SARMIENTO filed a lawsuit against DEFENDANTS styled as *Martin E. Sarmiento Suarez v. Rock & Dirt Construction Equipment Rental, LLC and Ricardo Lopez,* Case No. 20-cv-21674-Moore/Becerra in the United States District Court for the Southern District of Florida, in which SARMIENTO alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") (hereinafter the "Lawsuit");

B.     DEFENDANTS deny all of SARMIENTO's claims and allegations asserted in or in connection with the Lawsuit;

C.     DEFENDANTS and SARMIENTO wish to avoid the uncertainties and expense of further litigation in this matter; and

D.     DEFENDANTS are willing to enter into this Agreement with SARMIENTO and to provide SARMIENTO with the consideration specified in paragraph 1 below, in exchange for SARMIENTO'S promises set forth in this Agreement.

THEREFORE, DEFENDANTS and SARMIENTO, intending to be legally bound, agree as follows:

_MS_
_____
SARMIENTO

Page 1 of 14

_RL_
_____
ROCK & DIRT

RL
_____
LOPEZ

DM2\12744632.1

1.      **Consideration To Be Provided To SARMIENTO**

a.      DEFENDANTS promise to pay the total sum of Sixteen Thousand Five Hundred Dollars and No Cents ($16,500.00) (the "Settlement Amount"), which shall be distributed as follows:

(i)      A first check in the amount of Five Thousand Five Hundred Dollars and No Cents ($5,500.00) less tax and other withholding required by law, to SARMIENTO. This amount represents SARMIENTO's alleged FLSA back wages, and a form W-2 shall be issued to SARMIENTO.

(ii)      A second check in the net amount of Five Thousand Five Hundred Dollars and No Cents ($5,500.00) made payable to SARMIENTO.  This amount represents SARMIENTO's alleged liquidated damages; no withholding shall be made from this amount, and a form 1099 shall be issued to SARMIENTO.

(iii)      A third check in the amount of Five Thousand Five Hundred Dollars and No Cents ($5,500.00) to SARMIENTO'S counsel, FairLaw Firm.  This amount represents SARMIENTO'S attorneys' fees and costs; no withholding shall be made from this amount, and Forms 1099 shall be issued to SARMIENTO and to SARMIENTO's counsel, FairLaw Firm.

b.      DEFENDANTS will issue the checks described above so that they are received at FairLaw Firm at 7300 N. Kendall Drive, Suite 450, Miami, Florida 33156 within fifteen (15) days of the Effective Date of this Agreement.

_MS_
_____
MS
SARMIENTO

Page 2 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

c.      It is expressly understood and agreed by SARMIENTO that DEFENDANTS and their attorneys, Duane Morris, LLP, do not represent or guarantee that taxes should not be paid on any portion of the settlement payments representing attorneys' fees and costs or liquidated damages, and that in entering this Agreement, SARMIENTO is not relying on any tax-related advice provided by DEFENDANTS or their attorneys, Duane Morris, LLP.  SARMIENTO further acknowledges that it is his responsibility to make the necessary tax payments, if any may be required, and agrees to defend, indemnify and hold DEFENDANTS and their attorneys, Duane Morris, LLP, harmless with respect to any amounts which should have been paid by SARMIENTO or his counsel.

d.      SARMIENTO acknowledges that SARMIENTO has received payment in full of all other compensation, wages, benefits and/or payments of any kind otherwise due from DEFENDANTS, including, but not limited to, salary, bonuses, commissions, lost wages, expense reimbursements, payments to benefit plans, paid time off, vacation, severance, or sick pay. SARMIENTO agrees that no other amounts are due to SARMIENTO from DEFENDANTS except pursuant to this Agreement.

**2.      <u>Adequate Consideration</u>**

SARMIENTO stipulates that the consideration referred to in paragraph 1 constitutes adequate and ample consideration for the rights and claims SARMIENTO is waiving under this Agreement, and for the obligations imposed upon SARMIENTO by virtue of this Agreement. SARMIENTO expressly agrees and acknowledges that DEFENDANTS have promised to provide the consideration referred to in paragraph 1 of this Agreement in exchange for the

MS
MS
_____
SARMIENTO

Page 3 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

releases, waivers and promises made by SARMIENTO in this Agreement.

**3.**     <u>**No Re-Employment.**</u>

SARMIENTO agrees that he will not knowingly apply or re-apply for employment in the future with DEFENDANTS, or with any of the Released Parties, and that he shall not be eligible for reemployment; and further, that neither DEFENDANTS, nor any of the Released Parties, have any obligation, contractual or otherwise, to hire or employ SARMIENTO in the future, and that SARMIENTO will make no claim against DEFENDANTS or the Released Parties based on a failure to hire, and that DEFENDANTS may terminate any such employment at any time without penalty.

**4.**     <u>**Dismissal of SARMIENTO'S Claims**</u>

SARMIENTO agrees to dismiss with prejudice SARMIENTO's Lawsuit against DEFENDANTS and any other parties, named or unnamed, in the Lawsuit by directing SARMIENTO's attorney to revise and approve the filing of a Joint Motion to Approve the FLSA Settlement and to dismiss the Lawsuit with Prejudice upon condition that the Court retain jurisdiction for a period of 45 days to enforce this Agreement.

**5.**     <u>**General Release of All Claims by SARMIENTO**</u>

SARMIENTO hereby releases, acquits and forever discharges LOPEZ, ROCK & DIRT and any of ROCK & DIRT'S present and former officers, directors, partners, limited partners, affiliated companies, members, owners, employees, agents, related entities, assigns, insurers, and attorneys ("the Released Parties"), from any and all judgments, actions, suits, causes of action, accountings, rights, damages, punitive damages, and interests, direct or derivative, known or



Page 4 of 14

SARMIENTO

RL
ROCK & DIRT

RL
LOPEZ

unknown, choate or inchoate that SARMIENTO had or now has against them, including but not limited to, those claims that were or could have been asserted by SARMIENTO in the Lawsuit.

The disputes released by SARMIENTO include any and all disputes SARMIENTO has or may believe to have against the Released Parties arising under any federal, state, local or foreign statute or regulation including, without limitation, those relating to the federal Fair Labor Standards Act (the "FLSA"), unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sex harassment, religion, age, disability or handicap), 42 U.S.C. §§ 1981, 1983, and 1985, the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the Florida Civil Rights Act, the federal Americans with Disabilities Act, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Internal Revenue Code of 1986, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, the Florida Minimum Wage Act, Florida and federal statutes regarding "whistleblower" activities, the federal and Florida False Claims Acts, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal and state employment-related statutes and regulations, any federal or state law prohibiting discrimination, retaliation, and any other employment-related local or foreign ordinance.

The disputes released by SARMIENTO also include any and all disputes SARMIENTO has or may believe to have against the Released Parties in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good

_MS_
MS
_____
SARMIENTO

Page 5 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

cause, in violation of public policy, and constructive discharge, retaliation of any kind, intentional and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by SARMIENTO. SARMIENTO intends that the disputes released by SARMIENTO herein be construed as broadly as possible to cover any and all disputes SARMIENTO may have or believe to have against the Released Parties. In that regard, SARMIENTO further acknowledges that SARMIENTO may later discover facts in addition to, or different from those which SARMIENTO now knows or believes to be true with respect to the subject matter of this Agreement. SARMIENTO agrees that any such difference in the facts shall not affect this Agreement, that SARMIENTO assumes the risk of any such difference in the facts, and that SARMIENTO further agrees that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. It is SARMIENTO'S intention to fully, finally and forever resolve and release any and all disputes SARMIENTO may have or believe to have against the Released Parties with respect to any alleged acts or omission occurring before the date SARMIENTO signs this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected, asserted or unasserted.

_MS_
_____
SARMIENTO

Page 6 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

Nothing herein is intended to be a waiver that is prohibited by statute.  Nothing herein precludes SARMIENTO from filing a charge of discrimination with any governmental department or agency, such as the Equal Employment Opportunity Commission, the Florida Commission on Human Relations or the Department of Labor, nor does this Agreement preclude SARMIENTO from participating in an investigation conducted by such governmental agency.

**6.      General Release of All Claims by DEFENDANTS**

Similarly, DEFENDANTS hereby release, acquit and forever discharge SARMIENTO from any and all judgments, actions, suits, causes of action, accountings, rights, damages, punitive damages, and interests, direct or derivative, known or unknown, choate or inchoate that DEFENDANTS had or now have against SARMIENTO, including but not limited to, those claims that were or could have been asserted by DEFENDANTS in the Lawsuit. DEFENDANTS further acknowledge that they may later discover facts in addition to, or different from those which they now know or believes to be true with respect to the subject matter of this Agreement. DEFENDANTS agrees that any such difference in the facts shall not affect this Agreement, that they assume the risk of any such difference in the facts, and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. It is DEFENDANTS' intention to fully, finally and forever resolve and release any and all disputes they may have or believe to have against SARMIENTO with respect to any alleged acts or omission occurring before the date SARMIENTO signs this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected, asserted or unasserted.

_MS_
_____
MS
SARMIENTO

Page 7 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

DM2\12744632.1

7.     <u>**Waiver of Damages**</u>

SARMIENTO agrees that, with respect to the claims SARMIENTO is waiving, SARMIENTO is waiving not only SARMIENTO'S right to recover money or other personal relief in any action that SARMIENTO might institute but also that SARMIENTO is waiving SARMIENTO'S right to recover money or other personal relief in any action that might be brought on SARMIENTO'S behalf by any other person or entity including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC"), the Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state or local governmental agency or department or private law firm provided, however, that nothing set forth in this Agreement limits SARMIENTO's right to receive a monetary award for information provided to the U.S. Securities and Exchange Commission pursuant to Rule 21F-17 promulgated under the Securities Exchange Act of 1934, as amended.

8.     <u>**No Disputes Pending or Assigned by SARMIENTO**</u>

SARMIENTO represents that SARMIENTO does not currently have pending before any court or before any federal, state or local government agency any other dispute of any kind against the Released Parties. SARMIENTO further represents that SARMIENTO has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by SARMIENTO herein.

9.     <u>**Confidentiality of This Agreement and Its Terms**</u>

Except as may be required by law, SARMIENTO agrees that he shall not divulge or reveal at any time for any reason to any third party any of the terms, facts, details, allegations or

*MS*
MS
_____
SARMIENTO

Page 8 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

circumstances surrounding this Agreement, including, without limitation, its existence, including but not limited to the amount of any consideration paid or payable hereunder, with the exception that SARMIENTO may disclose the terms of and the existence of this Agreement to his attorneys, financial advisors, or accountants, provided that the recipient of such information agrees to abide by the confidentiality obligation in this Agreement or as is necessary to comply with the law or governmental regulations.

10. **No Admission of Liability or Wrongdoing**

The Parties agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS or any other Released Party as defined above.  DEFENDANTS and the Released Parties deny that they engaged in any wrongdoing of any kind with respect to SARMIENTO.

11. **No Workers' Compensation Injury or Illness**

SARMIENTO declares and represents that he suffered no on-the-job or work-related accident or injury, occupational disease or disability whether temporary, permanents, partial, or total during his employment with DEFENDANTS.

12. **Non-Disparagement; Neutral Reference**

SARMIENTO agrees that he and his immediate family members will not knowingly make any disparaging comments or statements, whether in writing or orally or electronically, that could adversely affect the business or reputation of DEFENDANTS or any of the Released Parties:  (1) on social media; (2) to the press; (3) to any present or former employees of



SARMIENTO

Page 9 of 14

RL
ROCK & DIRT

RL
LOPEZ

DEFENDANTS or any of the Released Parties; (3) to any individual or entity with whom DEFENDANTS or any of the Released Parties has a business relationship; or (4) to others.

DEFENDANTS agree that LOPEZ shall not knowingly make any disparaging comments or statements, whether in writing or orally or electronically, that could adversely affect the reputation of SARMIENTO:  (1) on social media; (2) to the press; (3) to any present or former employers of SARMIENTO; (3) to any individual or entity with whom SARMIENTO has a business relationship; or (4) to others, and that he, in his capacity as President of ROCK & DIRT, will instruct ROCK & DIRT's other officers and managers to do the same.

In addition, if ROCK & DIRT'S Human Resources Department receives a formal reference request from a potential employer of SARMIENTO, in response to such request, ROCK & DIRT'S Human Resources Department will provide only SARMIENTO'S dates of employment, position(s) held, and most recent rate of pay, without reference to any claim, lawsuit, or the settlement thereof.

### 13.   Non-Solicitation of Claims

SARMIENTO promises that he and his immediate family members will not solicit or encourage any current or former employees, clients, contractors, customers, patients, agents or other associates of DEFENDANTS or any of the Released Parties, or any other person or entity, to make any claim against any of the Released Parties.

### 14.   Time to Consider Agreement.

SARMIENTO acknowledges that he has had up to twenty-one (21) days after receipt of this Agreement to consider whether to sign this Agreement.  SARMIENTO agrees that any

_MS_
MS
_____
SARMIENTO

Page 10 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

modifications, material or otherwise, made to this Agreement, do not restart or affect in any manner this twenty-one (21) day consideration period. SARMIENTO further acknowledges that he may revoke this Agreement by notifying counsel for DEFENDANTS, Kevin E. Vance, Esquire, Duane Morris, LLP, kevance@duanemorris.com, in writing, of such revocation within seven (7) days of the date that he signs this Agreement. If the last day of the revocation period is a Saturday, Sunday or legal holiday recognized in Florida, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday or legal holiday.

### 15.   Effective Date

This Agreement shall not become effective or enforceable until: (a) all parties have signed the Agreement; (b) the revocation period has expired; and (c) the Court has approved the settlement (the "Effective Date").

### 16.   Advice Of Counsel

SARMIENTO acknowledges that SARMIENTO has had an opportunity to receive advice about the terms and legal effects of this Agreement from legal counsel of SARMIENTO'S choosing. SARMIENTO hereby represents that SARMIENTO has consulted with SARMIENTO'S attorneys about this Agreement before signing it. SARMIENTO further acknowledges and agrees that he has not received any advice from DEFENDANTS or its counsel with regard to the taxability of the payments pursuant to this Agreement.

### 17.   Voluntary Execution of Agreement

This Agreement is executed voluntarily by the Parties without any duress or undue influence, with the full intent of releasing all claims. Each Party acknowledges that:

_MS_
_____              Page 11 of 14
SARMIENTO

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

a.      He has read this Agreement;

b.      He has been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of his own choice;

c.      He understands the terms and consequences of this Agreement and of the releases it contains; and

d.      He is fully aware of the legal and binding effect of this Agreement.

**18.     <u>Severability</u>**

Should a court of competent jurisdiction declare any part of this Agreement to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

**19.     <u>Governing Law And Interpretation</u>**

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.  Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, no matter who may have drafted the language in question.

**20.     <u>Disputes; Damages</u>**

In the event of a dispute as to the interpretation, application or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before a court of competent jurisdiction in Miami-Dade County, Florida.  The parties agree that any such dispute shall be resolved by a judge, not by a jury.  Neither party shall be entitled to an award of

_MS_
MS
_____
SARMIENTO

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.  In the event of a proven, material breach of this Agreement by either party, the non-breaching party shall be entitled to an award of attorneys' fees and costs.

**21.     Entire Agreement; No Oral Modification**

All parties represent and agree that they are not relying on any representations, promises, statements or agreements not contained in this Agreement.  All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral and/or implied representations, promises or agreements exist between them regarding the subject matter set forth in this Agreement.  All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated or otherwise changed unless it is done so pursuant to a written document signed by SARMIENTO and an authorized corporate officer of DEFENDANTS.

**22.     Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same instrument. Copies or .pdf versions of any signature or of this Agreement shall be considered the same as an original for all purposes.

**23.     Authority**

DEFENDANTS represent that the person signing this Agreement is authorized to bind ROCK & DIRT as an officer / agent of ROCK & DIRT.

_MS_
_____
SARMIENTO

Page 13 of 14

RL
_____
ROCK & DIRT

RL
_____
LOPEZ

EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT.   EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT, UNDERSTANDS ALL OF ITS PROVISIONS AND FREELY AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

THIS IS A LEGAL DOCUMENT -- READ CAREFULLY BEFORE SIGNING.

**MARTIN E. SARMIENTO SUAREZ**

*MARTIN SARMIENTO (Jun 19, 2020 06:17 EDT)*
_____

Date: Jun 19, 2020
_____

**ROCK & DIRT CONSTRUCTION EQUIPMENT RENTAL, LLC**

*Ricardo Lopez*
_____

By: RICARDO LOPEZ
_____

Date: 6-19-2020
_____

**RICARDO LOPEZ ("LOPEZ")**

*Ricardo Lopez*
_____

Date: 6-19-2020
_____

DM2\12744632.1

# Settlement Agreement (Final)

Final Audit Report                                                      2020-06-19

| | |
|---|---|
| Created: | 2020-06-16 |
| By: | Brian Pollock (brian@fairlawattorney.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAS_IG_PkAklNycA0qXcgX-BiZaHvxIULw |

## "Settlement Agreement (Final)" History

🗎 Document created by Brian Pollock (brian@fairlawattorney.com)
2020-06-16 - 4:02:40 PM GMT- IP address: ██████

✉ Document emailed to MARTIN SARMIENTO ████████████ for signature
2020-06-16 - 4:05:15 PM GMT

🗎 Email viewed by MARTIN SARMIENTO ████████████
2020-06-19 - 9:47:41 AM GMT- IP address: ██████

✎ Document e-signed by MARTIN SARMIENTO ████████████
Signature Date: 2020-06-19 - 10:17:09 AM GMT - Time Source: server- IP address: ████████

✅ Signed document emailed to MARTIN SARMIENTO ████████████, cynthia@fairlawattorney.com, jissel@fairlawattorney.com, and Brian Pollock (brian@fairlawattorney.com)
2020-06-19 - 10:17:09 AM GMT

Adobe Sign