## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:20-cv-21674-BECERRA

| | |
|---|---|
| MARTIN E. SARMIENTO SUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROCK & DIRT CONSTRUCTION | ) |
| EQUIPMENT RENTAL, LLC and | ) |
| RICARDO LOPEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

THIS CAUSE came before the Court upon the parties' Joint Motion for Settlement Approval.  ECF No. [16].  On April 22, 2020, Plaintiff filed his Complaint against Defendants for violating the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  ("FLSA").  ECF No. [1].  The FLSA requires judicial review and the Court's determination that the settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*,

1

No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x at 351. In evaluating the reasonableness of the proposed attorney's fee recovery, the Court should also consider the possible range of the Plaintiff's recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

The Court has reviewed the Settlement Agreement, as well as the request for attorney's fees and costs. The Court also considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiff more than they believe Plaintiff is due under the law. Both sides have agreed to settle as a result of reasonable strategic and financial considerations  The Court also finds, based on its review of the docket and the reasonable rate for Mr. Pollock, that the attorneys fees and costs are reasonable.

The Court also finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable and fair compromise by both sides.

**UPON CONSIDERATION** of the Joint Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Joint Motion to Approve Settlement, ECF No. [16] is **GRANTED**. Accordingly, it is further **ORDERED AND ADJUDGED** that the settlement is **APPROVED**.  Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is instructed to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT**.  The Court shall retain jurisdiction for 60 days to enforce the terms of the Settlement Agreement entered by the Parties.

**DONE AND ORDERED** in Chambers in Miami, Florida on June 22, 2020.

¶

_____

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**